# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| MELVIN GLOVER,<br><br>    Plaintiff,<br><br>v.<br><br>KIA MOTORS AMERICA, INC.,<br>KIA MOTORS CORPORATION,<br>HUTTON OF MEMPHIS, LLC d/b/a<br>CHUCK HUTTON TOYOTA, LLC, and<br>UNITED ACCESS OF MEMPHIS, LLC<br>d/b/a UNITED ACCESS<br><br>    Defendants. | No. 2:17-cv-02825-TLP-cgc<br><br>JURY DEMAND |

**MEMORANDUM OPINION AND ORDER DISMISSING DEFENDANT HUTTON OF MEMPHIS, LLC D/B/A CHUCK HUTTON TOYOTA, LLC UNDER 28 U.S.C. § 1447(e) AND DENYING DEFENDANTS' MOTION TO DISMISS UNITED ACCESS OF MEMPHIS, LLC D/B/A UNITED ACCESS**

Defendants Kia Motors America, Inc. and United Access of Memphis, LLC d/b/a United Access (collectively referred to as the "Moving Defendants") moved to dismiss two Defendants, Hutton of Memphis. LLC d/b/a Chuck Hutton Toyota, LLC ("Hutton"), and United Access of Memphis, LLC d/b/a United Access ("United Access"), who were added as parties in the Amended Complaint. (ECF No. 15.) Moving Defendants asserted that the fraudulent joinder doctrine prevented the addition of these new Defendants. (*Id.*) Plaintiff filed a Response in Opposition (ECF No. 22), and the parties then exchanged a Reply (ECF No. 23) and a Sur-Reply (ECF No. 25-1.)

After reviewing the parties' briefs, the Court determined that the fraudulent joinder doctrine standard advanced by the Moving Defendants does not control the Court's analysis of the issues, so the Court requested supplemental briefing on the applicability of 28 U.S.C. § 1447(e). The parties submitted competing briefs (ECF Nos. 37, 38) for the Court's review.

The Court now determines that Hutton, a non-diverse party, should be DISMISSED from the Amended Complaint under 28 U.S.C. § 1447(e). (ECF No. 10.) The Motion to Dismiss as it seeks to dismiss Hutton under the fraudulent joinder doctrine is DENIED and also DENIED as it seeks to dismiss United Access. (*See* ECF No. 43.)

## **BACKGROUND**

Plaintiff Melvin Glover ("Plaintiff" or "Mr. Glover") filed his Complaint against Kia Motors America, Inc. and Kia Motors Corporation (individually, "KMA" and "KMC," and collectively, the "Kia Defendants") in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis. (ECF No. 1-2 at PageID 6.) Plaintiff seeks to recover damages from the Kia Defendants for injuries he sustained on November 17, 2016, when the seat heater in his 2013 Kia Sorento SX ("Kia," "Kia Sorento," or "vehicle") allegedly malfunctioned and severely burned him. (*Id.* at PageID 6, 9.) Plaintiff purchased the Kia as a used vehicle from Hutton. (*Id.* at PageID 9.) Plaintiff is a paraplegic, but the vehicle was equipped with a device which allowed him to drive it with his hands. (*Id.*) The Complaint brings claims against the Kia Defendants for strict liability, negligence, breach of warranty, and vicarious liability under the apparent manufacturer doctrine. (*See generally id.*) Specifically, Plaintiff alleges that the seat heater was defective and created an unreasonably dangerous condition for paralyzed individuals like himself and that the Kia Defendants failed to warn adequately him and others about this dangerous condition. (*Id.* at PageID 6.)

KMA was served with the Summons and Complaint and timely removed this action to this Court based on diversity jurisdiction. (ECF No. 1.) Plaintiff is a citizen of Tennessee; KMA is a California corporation with its principal place of business in California, and KMC is a South Korean corporation with its principal place of business in South Korea. (ECF No. 1-2 at PageID 6.)

Plaintiff filed an Amended Complaint without leave under Federal Rule of Civil Procedure 15(a)(1)(A), joining Defendants Hutton and United Access and asserting claims against them for negligence and breach of warranty. (ECF No. 10 at PageID 41–49.) Plaintiff alleges that Hutton "sold Plaintiff the 2013 Kia Sorento at issue in this case before the heated seat in the vehicle burned his buttocks and scrotum," while United Access "modified the Kia Sorento at issue in this case to allow Plaintiff to be able to drive it as a paraplegic." (ECF No. 10 at PageID 35.)

KMA filed its Motion requesting that this Court dismiss Hutton and United Access under the fraudulent joinder doctrine because, as KMA alleges, Plaintiff fails to bring colorable claims against Hutton and United Access under applicable Tennessee law, mainly the Tennessee Products Liability Act ("TPLA"), Tenn. Code Ann. § 29–28–101 *et seq.* (*See* ECF No. 15 at PageID 77.) KMA also alleges that Mr. Glover added Hutton and United Access to this case in an attempt to destroy diversity jurisdiction. (*Id.*) KMA argues in the alternative that if the Court does not dismiss Mr. Glover's claims against United Access, the case should not be remanded because United Access is a diverse party from Mr. Glover. (*See id.*) United Access joined KMA's Motion to Dismiss on December 27, 2017. (*See* ECF No. 19.)

In response, Plaintiff argues that his claims against Hutton and United Access are colorable and, thus, the Moving Defendants have failed to invoke properly the fraudulent joinder doctrine.

(*See* ECF No. 22.) Plaintiff argues that the Court must remand this case to the state court. (*See id.*)

The Court issued an Order for Supplemental Briefing directing the parties to file supplemental briefs about: (1) the applicability of 28 U.S.C. § 1447(e) in this case; and (2) an analysis of the statute's impact, if any. (ECF No. 36.) The parties timely submitted their competing briefs. (ECF Nos. 37, 38.)

Predictably, the Moving Defendants argue that § 1447(e) applies to Plaintiff's post-removal joinder and that the balancing of the equities under the statute reveals that the Court should deny joinder of any party which would destroy diversity. (ECF No. 37.) Plaintiff does not dispute that the Court may permit or deny joinder of a nondiverse defendant under § 1447(e) even if it is on different grounds than those argued in the briefs for Moving Defendants' Motion to Dismiss. (ECF No. 38 at PageID 214.) Yet Plaintiff maintains that his arguments against application of the fraudulent joinder doctrine and applying the § 1447(e) factors both weigh in favor of permitting joinder and remanding this case to the state court. (*Id.*)

## **ANALYSIS**

It is undisputed that Hutton is a Tennessee citizen and that if Hutton remains in this case, its presence would destroy diversity jurisdiction. (*See* ECF No. 42); 28 U.S.C. §§ 1332, 1447(c). United Access is a citizen of Missouri and Indiana. (ECF No. 43.) The joinder of United Access thus does not destroy this Court's jurisdiction, and Plaintiff filed his Amended Complaint within the time provided by Rule 15. Plaintiff's joinder of United Access is not subject to this Court's current review under either the fraudulent joinder doctrine or 28 U.S.C. § 1447(e). Accordingly, the Motion to Dismiss United Access is DENIED.

**I.    Determining What Standard Applies**

As a threshold matter, the Kia Defendants' removal of the Complaint was proper. A party may remove an action to federal district court if there is complete diversity of the parties, and the amount in controversy exceeds $75,000. 28 U.S.C. 1332(a). Section 1441 authorizes the removal of "any civil action" in which "the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). "Diversity of citizenship, the basis for jurisdiction in the present case, exists only when no plaintiff and no defendant are citizens of the same state." *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) (quoting *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999)) (internal quotation marks omitted). As stated in the original Complaint, Plaintiff is a citizen of Tennessee, and the Kia Defendants are citizens of California and South Korea, respectively. (*See* ECF No. 1-2 at PageID 6–7.) Additionally, Plaintiff's prayer for compensatory damages in the amount of $1,500,000.00 satisfied the amount in controversy requirement at the time of removal. (*See id.* at PageID 19.)

While the Court is one of limited jurisdiction, the proper removal of the Complaint established its subject matter jurisdiction over this case. "The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." *Jackson v. Ford Motor Co.*, No. 15-1180, 2016 WL 270485, at *1 (W.D. Tenn. Jan. 21, 2016) (Breen, J.) (quoting *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2010) (citation omitted)).[1] Once subject matter jurisdiction based on diversity is established, the later joinder of a dispensable, nondiverse party ordinarily will not divest a federal court of it. *Smoky Mountain*

---

[1] The scenario here is different than a case where a plaintiff files a complaint *in federal court* and then voluntarily amends the complaint; courts in that situation "look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74, 127 S. Ct. 1397, 1409, 167 L. Ed. 190 (2007) (emphasis added).

*Knife Works, Inc. v. Forward Motion Media, LLC*, No. 3:13-CV-448-TAV-CCS, 2015 WL 1608785, at *2 (E.D. Tenn. Apr. 10, 2015) (citation omitted). If the parties attempt to take any step which would destroy jurisdiction, the parties are subject to the Court's discretion under 28 U.S.C. § 1447(e), and Federal Rule of Civil Procedure 15 does not apply. *Colletti v. Menard, Inc.*, No. 14-CV-13538, 2015 WL 404356, at *2 (E.D. Mich. Jan. 29, 2015); *Phillip-Stubbs v. Walmart Supercenter*, No. 12-10707, 2012 WL 1952444, at *3 (E.D. Mich. May 25, 2012) (following weight of authority from other district courts that amendments as a matter of course do not "insulate a plaintiff's attempt to join non-diverse defendants") (string citation omitted). Here, Plaintiff failed to seek permission from the Court to join Hutton.[2]

The parties filed well-developed arguments about the fraudulent joinder doctrine and whether Hutton and United Access should be dismissed. But the fraudulent joinder doctrine, while relevant, is not the standard under which the Court must review Plaintiff's Amended Complaint; § 1447(e) is. *Telecom Decision Makers, Inc. v. Access Integrated Networks, Inc.*, 654 F. App'x 218, 221 (6th Cir. 2016) (per curiam); *Walters v. Lowe's Home Imp. Warehouse of Georgetown*, No. CIV.A. 5:10-302-JMH, 2011 WL 3319717, at *1 (E.D. Ky. Aug. 1, 2011). Plaintiff added Hutton and United Access as parties to the Amended Complaint <u>after</u> the Kia Defendants removed the original Complaint to this Court. It is undisputed that Hutton is a citizen of Tennessee and is, therefore, a nondiverse party subject to the review of § 1447(e).

---

[2] Plaintiff cites *Broyles v. Corr. Med. Servs., Inc.*, No. 08-1638, 2009 WL 315421, at *3–4 (6th Cir. Jan. 23, 2009) for the proposition that a district court may not strike an amended complaint joining additional defendants when plaintiffs have an "absolute right" to amend a complaint before a responsive pleading is filed. (ECF No. 38 at PageID 213.) In *Broyles*, however, plaintiff did not try to join *nondiverse* defendants to the case after it had been removed, so § 1447 did not apply. Here, the weight of authority establishes that Plaintiff should have sought permission from the Court to join Hutton.

Section 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). These alternatives are exclusive; the Court may not permit joinder and also retain subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Courts have the power to refuse post-removal joinder of a nondiverse party even if it resulted from the filing of an amended complaint as a matter of course under Fed. R. Civ. P. 15(a). *See Wallace v. Dolgen Midwest, LLC*, No. 5:12CV2945, 2014 WL 4338899, at *2 (N.D. Ohio Aug. 29, 2014) (on reconsideration); *Phillip-Stubbs*, 2012 WL 1952444, at *3; *Potts v. Zurich, N.A.*, No. 4:11CV1470, 2012 WL 946891, at *3 (N.D. Ohio Mar. 20, 2012) (citations omitted). Whether a party is dispensable or indispensable is immaterial under a § 1447 analysis. *Smoky Mountain,* 2015 WL 1608785, at *2 (citations omitted). Because Plaintiff should have sought the Court's permission to file his post-removal Amended Complaint, subject matter jurisdiction remains with the Court for this Order. *See Mayes v. Rapoport*, 198 F.3d 457, 462 n. 11 (4th Cir. 1999).[3]

While the Sixth Circuit has not squarely addressed the interplay between amendments made as a matter of course under Rule 15(a)(1)(A)[4] and post-removal joinder analyzed under §

---

[3] In *Mayes*, the plaintiff joined a nondiverse defendant without leave of court as permitted by Rule 15(a). *Id.* Because the plaintiff joined the nondiverse defendant without first obtaining leave, the district court had no opportunity to decide whether to permit or deny joinder at the time of the amendment. *Id.* The Fourth Circuit held that because the district court would have been forced to remand without ever having determined the joinder's propriety, it could have later invoked its authority under § 1447(e) to make that determination. *Id.*

[4] Federal Rule of Civil Procedure 15(a)(1)(A) allows amendment of a pleading without the court's permission within 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A).

1447, other circuits' explanations are persuasive. *See Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999);[5] *Mayes*, 198 F.3d at 462 n. 11. Yet the Sixth Circuit does recognize that § 1447(e), not Rule 15, governs when leave is sought to join a nondiverse defendant <u>after removal</u>. *Telecom Decision Makers, Inc.*, 654 F. App'x at 221 (affirming district court's denial of motion to amend and finding that "the district court's decision was in fact governed by 28 U.S.C. § 1447(e) [not Rule 15], under which a district court may deny a plaintiff's motion to join a defendant whose joinder would destroy subject-matter jurisdiction.").

According to § 1447(e), the Court may either: (1) deny Hutton's joinder; or (2) permit the joinder and remand the case to the state court. Determining which option to exercise requires a balancing of the equities and considering these factors: (1) how much the purpose of the post-removal joinder is to defeat federal jurisdiction; (2) whether Plaintiff was dilatory in filing his Amended Complaint; (3) whether Plaintiff will be "significantly prejudiced" if amendment is not allowed; and (4) any other equitable factors. *Telecom Decision Makers, Inc.*, 654 F. App'x at 221; *City of Cleveland v. Deutsche Bank Tr. Co.*, 571 F. Supp. 2d 807, 823 (N.D. Ohio 2008) (citing *Mayes*, 198 F.3d at 461-63; *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)) (citations omitted). "The general impetus for applying § 1447(e) is for the trial court to use its discretion and determine if allowing joinder would be fair and equitable." *City of Cleveland*, 571 F. Supp. 2d at 823. A court's analysis of these factors is intended "to answer the ultimate question

---

[5] The Fifth Circuit found that the fraudulent joinder doctrine does not apply to post-removal joinder. *Cobb*, 186 F.3d at 677. The court's reasoning led it to comment that "the term fraudulent *joinder* is a bit of a misnomer." *Id.* 678 (emphasis in original). "[I]n the typical case, the fraudulently 'joined' party is not joined later, but instead is named as a defendant in the original state court complaint to avoid removal." *Id.* At that point, the diverse defendant has no opportunity to contest joinder before it occurs and must rely on the fraudulent joinder doctrine. *Id.*

[of] whether the primary purpose of the proposed joinder is to oust the case from the federal forum." *J. Lewis Cooper Co. v. Diageo N. Am., Inc.*, 370 F. Supp. 2d 613, 618 (E.D. Mich. 2005).

The Court considers each of these factors in turn.

## II.     Balancing the Equities under 28 U.S.C. § 1447(e)

### A.     Whether the Purpose of Filing the Amended Complaint was to Defeat Jurisdiction

#### i.     The Timing of Filing the Amended Complaint

Courts have consistently held that the first factor, the plaintiff's motive for seeking post-removal joinder of a nondiverse defendant, is of "paramount importance." *Watkins v. Hansford*, No. 3:17-CV-00069-CRS, 2017 WL 4158647, at *2 (W.D. Ky. Sept. 19, 2017) (citing *Bridgepointe Condominiums, Inc. v. Integra Bank Nat. Ass'n*, No. CIV.A. 08-475-C, 2009 WL 700056, at *2 (W.D. Ky. Mar. 13, 2009); *City of Cleveland*, 571 F. Supp. at 823 (citations omitted)); *see also Sandlin v. Citibank, N.A.*, No. 2:15-CV-02768, 2016 WL 1305263, at *3 (W.D. Tenn. Mar. 31, 2016) (agreeing that most important inquiry under § 1447(e) is whether plaintiff's motivation is to defeat jurisdiction and finding as much based on the record and viability of plaintiff's claim under Tennessee law).

The timing of the Amended Complaint strongly suggests Plaintiff joined Hutton to defeat diversity. The Amended Complaint was filed one week after the Kia Defendants filed their Notice of Removal. (ECF Nos. 1, 10.) In a similar factual scenario, the Fourth Circuit in *Mayes* cautioned that "where, as here, a plaintiff seeks to add a nondiverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction." *Mayes*, 198 F.3d at 463; *see also Gallegos v. Safeco Ins. Co. of Indiana*, No. CIV.A. H-09-2777, 2009 WL 4730570, at *4

9

(S.D. Tex. Dec. 7, 2009) (finding that plaintiff's motion for leave to amend a companion motion to remand filed less than a month after removal evidenced amendment's principal purpose of defeating jurisdiction) (string citation omitted).

A review of the Complaint and the Amended Complaint establishes that Plaintiff had to be well-aware of Hutton and United Access long before he filed the Complaint. The incident that led to Plaintiff's lawsuit occurred on November 17, 2016. The Moving Defendants correctly argue that Plaintiff needed no discovery for him to determine the identities of Hutton and United Access. (ECF No. 37 at PageID 208.) This case differs from those cases when a plaintiff names John Doe defendants and then seeks to amend the complaint to name correctly the defendants when discovery reveals their identities. *See Curry*, 462 F.3d at 541; *Casas Office Machines, Inc. v. Mita Copystar Am., Inc.*, 42 F.3d 668, 674 (1st Cir. 1994). Plaintiff named no fictitious defendants in the Complaint. Also, Plaintiff does not allege that he discovered a claim against Hutton or United Access after filing the original Complaint to explain why he needed to amend.

This case also differs from a situation in which, for example, plaintiffs were unable to name specific defendants because they were waiting for the expiration of a statutory waiting period under applicable state law. *Ivnes v. Novartis Pharm. Corp.*, No. 3:12-CV-191, 2013 WL 499211, at *3 (E.D. Tenn. Feb. 7, 2013). In *Ivnes*, the plaintiffs stated in their original complaint that they intended to file an amended complaint naming certain contemplated defendants and provided their addresses. *Id.* Here, Plaintiff never mentions Hutton or United Access in the Complaint other than that he bought the Kia Sorento used, and he had a device on the vehicle which allowed him to drive. (ECF No. 1-2 at PageID 9.)

Plaintiff was or should have been aware of Hutton and United Access's potential liability when he filed the original Complaint, yet he chose not to bring them into this lawsuit until one

week after this Court acquired jurisdiction through proper removal.  Plaintiff's argument that he amended because he merely wishes to pursue claims against these defendants and that "there is simply no evidence on the record to indicate any intent otherwise" is unpersuasive.  (ECF No. 38 at PageID 215.)  Similarly unpersuasive is Plaintiff's argument that his overall purpose in filing the Amended Complaint could not have possibly been to destroy jurisdiction because he does not know the citizenship of United Access.  (*Id.*)  Plaintiff was aware that Hutton is a Tennessee citizen.  (ECF No. 10 at PageID 34.)  If Plaintiff truly wished to pursue claims against these Defendants, he could have—and indeed should have—included them in his original Complaint.  The Court offered Plaintiff the opportunity to explain *why* he chose to join Hutton and United Access after removal, but Plaintiff has failed to answer that question.

For these reasons, the facts and reasonable inferences from the record suggest that Plaintiff's motivation for joining Hutton in this lawsuit is a tactical one to divest this Court of jurisdiction.  *See, e.g., Davis v. Owners Ins. Co.*, 29 F. Supp. 3d 938, 943 (E.D. Ky. 2014); *Cooper v. Thames Healthcare Grp., LLC*, No. CIV. 13-14-GFVT, 2014 WL 941925, at *4 (E.D. Ky. Mar. 11, 2014); *cf. Seaway Painting Co., Inc. v. Burlington Ins. Grp., Inc.*, No. 12-15496, 2013 WL 12183414, at *2 (E.D. Mich. Oct. 28, 2013) (making similar finding but, there, plaintiff had waited until well after removal to join nondiverse defendant).  The Court finds that the post-removal joinder of a nondiverse party shortly after removal, especially when Plaintiff was or should have been aware of the new party's identity and his claims for almost an entire year before filing the original Complaint, is indeed suspect.

### ii. Examining Plaintiff's Claims Against the Added Defendants

The validity of a plaintiff's claims impacts a court's analysis of the first § 1447(e) factor.  *See Boyce v. CitiMortgage, Inc.*, 992 F. Supp. 2d 709, 716 (W.D. Tex. 2014) (considering

11

fraudulent joinder doctrine as part of § 1447(e) analysis when parties incorrectly argued that fraudulent joinder applied). Even though the 1447(e) factors "cannot be substituted for [the fraudulent joinder analysis]" because, for example, the party's motivation is a factor under § 1447(e) but it is not under the fraudulent joinder doctrine, there is some overlap between the two. *Walters v. Lowe's Home Imp. Warehouse of Georgetown*, No. CIV.A. 5:10-302-JMH, 2011 WL 3319717, at *1 (E.D. Ky. Aug. 1, 2011) (citations omitted); *Bridgepointe Condominiums, Inc.*, 2009 WL 700056, at *2 ("[A] plaintiff's motive for joining the non-diverse party becomes paramount in Section 1447(e) analysis."). If a plaintiff brings valid claims against a nondiverse defendant who was joined after removal, it is less likely that the purpose of the joinder was to destroy jurisdiction.

While the Court recognizes the fraudulent joinder doctrine's standard, which Plaintiff correctly briefed, it does not find that it must strictly adhere the fraudulent joinder doctrine when considering the validity of Plaintiff's claims under § 1447(e). *See, e.g., Boyce*, 992 F. Supp. 2d at 716; *see generally Hensgens*, 833 F.2d at 1182 (directing courts to scrutinize amendments which add nondiverse defendants more closely than ordinary amendments).

The Court finds that Plaintiff's allegations against Hutton, the nondiverse party currently at issue, are not valid claims. The Court agrees with the Moving Defendants that Plaintiff does not have a claim against Hutton under the TPLA because the Amended Complaint contains no allegations that Hutton modified or repaired Plaintiff's vehicle, *cf. Jackson*, 2016 WL 270485, at *3; Tenn. Code Ann. § 29–28–106.[6] Plaintiff also asserts claims for negligent inspection and

---

[6] The TPLA provides: "No product liability action, as defined in § 29–28–102, shall be commenced or maintained against any seller, other than the manufacturer, unless . . . (2) [the seller] [a]ltered or modified the product, and the alteration or modification was a substantial factor in causing the farm for which recover of damages is sought." Tenn. Code Ann. § 29–28–106. The Tennessee Supreme Court has, however, read the TPLA to allow for a product liability action,

breach of warranty against Hutton and United Access arising separately from the TPLA. *See Morris v. Gen. Motors, LLC*, No. 3:15-CV-00239, 2015 WL 6442611, at *2 (M.D. Tenn. Oct. 23, 2015) (recognizing standalone claim for negligent inspection).

In a catch-all allegation, the Amended Complaint accuses Hutton and United Access of "negligently inspecting or failing to inspect the heater for use by a paraplegic, and by overall negligently installing the modification of the vehicle for use by paraplegic by not taking into account that the seat heater would be used." (ECF No. 10 at PageID 47.) The Court does not read Paragraph 56 of the Amended Complaint to allege that Hutton actually modified the vehicle. Plaintiff alleges that Hutton "sold Plaintiff the 2013 Kia Sorento at issue in this case before the heated seat in the vehicle burned his buttocks and scrotum," while United Access allegedly "modified the Kia Sorento at issue in this case to allow Plaintiff to be able to drive it as a paraplegic." (ECF No. 10 at PageID 35.) The Court now focuses on the claims against Hutton.

In *Morris*, the court recognized that "Tennessee common law does not impose on automobile sellers the duty to inspect vehicles for latent defects," but challenged the fact that the vehicle in that case, as is this one, was sold used. 2015 WL 6442611, at *2. The *Morris* court was "unable to find a Tennessee case that specifically addresses the existence of a duty to inspect used cars . . . . [but, a] duty to inspect may also arise when the seller has performed repairs on the vehicle before the sale or made specific representations about the vehicle." *Id.*

Under Tennessee law, used car dealers "have the duty to make a reasonable inspection of a vehicle to discover defects or conditions that could render the car defective or dangerous."

---

other than one based on strict liability, to be brought "against a seller if the product is not in a sealed container and the seller is afforded a reasonable opportunity to inspect the product in such a way that, in the exercise of reasonable care would reveal the defective condition." *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 901 (Tenn. 2011).

13

*Patton v. McHone*, 822 S.W.2d 608, 614 (Tenn. Ct. App. 1991) (citations omitted). "The duty to inspect, however, does not extend to the discovery of latent defects that could not be discovered during a reasonable inspection." *Id.* The court defined a reasonable inspection as, "[i]n the absence of actual knowledge of a defect . . . rel[ying] on a test drive or on the validity of a current safety inspection sticker." *Id.* (citations omitted). "A seller must disclose material information concerning a product's condition if it has a fiduciary or other special relationship with the buyer." *Id.* at 615 (citation omitted).

Here, the Amended Complaint does not allege that Hutton had a special relationship with Plaintiff; instead, the Amended Complaint claims that Hutton had a duty to disconnect the bottom portion of the seat heater, to install a timer on the heater to prevent it from burning Plaintiff, or to warn Plaintiff about the dangers of using a seat heater because Plaintiff is paraplegic. (ECF No. 10 at PageID 47.) These alleged omissions implicate no existing duties under the current state of Tennessee law. Nor does Court find in the Amended Complaint any allegations that Hutton sought to modify or repair the vehicle, or that Hutton voluntarily assumed any additional duties by selling the vehicle to Plaintiff. *See Grogan v. Uggla*, 535 S.W.3d 864, 874 (Tenn. 2017) (citing Restatement (Second) of Torts § 324A). Whether one has assumed a duty to act is a question of law. *Id.* (internal quotation marks and citation omitted). Thus, the Court finds that Plaintiff states no valid claim for negligence against Hutton.

Plaintiff also fails to assert a valid claim for breach of warranty against Hutton. While implied warranties, like the implied warranties of merchantability and of fitness for a particular purpose, apply to the sale of used cars, Tennessee's codification of the Uniform Commercial Code ("UCC") permits dealers to limit or disclaim these warranties. *See Patton*, 822 S.W.2d at 616–17. Tenn. Code Ann § 47–2–316(a)(3) states, in relevant part, "all implied warranties are excluded by

expression like 'as is' . . . or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plaint that there is no implied warranty." Tenn. Code Ann § 47–2–316(a)(3).

Here, the Moving Defendants have introduced evidence appearing to be a document signed by Plaintiff that Hutton sold the vehicle to him "AS IS – NO WARRANTY." (ECF No. 23-4.) While Plaintiff argues that this evidence is not the "type of pleading-piercing evidence 'recognized as appropriate . . . . to bring the true undisputed facts to the court's attention[,]'" as quoted in *Walker*, 443 F. App'x at 956, Plaintiff does not dispute the evidence introduced. The Court considers this evidence under its discretionary authority under § 1447(e). "[T]he fraudulent joinder doctrine can be yet another element of the district court's 'flexible, broad discretionary approach' to resolving a post removal question of whether a nondiverse defendant should be joined under Section 1447(e)." *Mayes*, 198 F.3d at 463 (quoting *Gum v. Gen. Elec. Co.*, 5 F. Supp. 2d 412, 414 (S.D.W. Va. 1998)). [7] Thus, Plaintiff does not have a valid claim against Hutton for breach of warranty.

The Court finds that Plaintiff fails to state valid claims against Hutton, also indicating that Plaintiff's attempted post-removal joinder of this clearly nondiverse defendant was made for the purpose of defeating diversity jurisdiction. *Cf. Coyne*, 183 F.3d at 493 (holding that district court

---

[7] If the Court were reviewing this evidence on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), it would not convert the motion to dismiss into a motion for summary judgment. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (court may consider exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein" (citation omitted)); *Lincoln Gen. Ins. Co. v. Detroit Diesel Corp.*, No. 3:08-0368, 2009 WL 2983035, at *2 (M.D. Tenn. Sept. 14, 2009) (attaching warranty to motion to dismiss did not convert it to motion for summary judgment); (*see also* ECF No. 10 at PageID 48 ("Prior to the time of the subject incident, the Defendants expressly and/or impliedly warranted to members of the general public that the subject vehicle was of merchantable quality").)

properly denied motion to remand because under Ohio law plaintiffs failed to plead viable state law causes of action for product liability and negligence against in-state defendants).

While a plaintiff's motive for joining a nondiverse party is "immaterial" to the determination under the fraudulent joinder doctrine, *Walker*, 443 F. App'x at 951, it is arguably the most important consideration when determining whether post-removal joinder of a nondiverse defendant should be permitted under § 1447(e). *City of Cleveland*, 571 F. Supp. 2d at 823 (string citation omitted). In light of the Court's analysis regarding Plaintiff's post-removal joinder of Hutton, the first § 1447(e) factor weighs strongly in favor of denying Hutton's joinder.

### B. Whether Plaintiff was Dilatory in Filing His Amended Complaint

The Court finds that the second § 1447(e) factor weighs in favor of disallowing Hutton's joinder. While Plaintiff does not appear dilatory in the sense that he waited an extended period of time to act, the Court finds that Plaintiff's failure to name Hutton until after the case was properly removed was dilatory in that it shows a lack of diligence. Similar to the facts in *Davis* and *Cooper*, this case is in its infancy, no scheduling order has been entered, and Plaintiff had previous knowledge of the parties he seeks to join in the Amended Complaint. *See Davis*, 29 F. Supp. 3d at 943–44; *Cooper*, 2014 WL 941925, at *5. While Plaintiff filed the Amended Complaint within the time prescribed by Fed. R. Civ. P. 15(a)(1)(A), this Court agrees with the observation made by the court in *Cooper* that the plaintiff's prior knowledge of the parties and the claims weighs against granting joiner. *Cooper*, 2014 WL 941925, at *5. The Court is also persuaded by the Moving Defendants' argument that no matter how quickly Plaintiff filed the Amended Complaint, he knew about Hutton and United Access well before he filed the original Complaint. (ECF No. 37 at PageID 209.) Accordingly, this second § 1447(e) factor weighs in favor of denying Plaintiff's attempt to join Hutton.

## C. Whether Plaintiff Will be Significantly Prejudiced if Joinder is Not Allowed

Plaintiff argues that he will be significantly injured if the Court determines that he cannot proceed with his claims against Hutton and United Access. (ECF No. 38 at PageID 216.) However, given the Court's conclusion that Plaintiff fails to state valid claims against Hutton, the Court determines that dismissing Hutton from the Amended Complaint would not significantly prejudice Plaintiff.

Furthermore, the dismissal of Hutton does not affect Plaintiff's joinder of United Access. Plaintiff's valid claims arising out of the subject incident remain in one lawsuit.[8] The Court agrees that "maintenance of parallel lawsuits increases the parties' costs and wastes judicial resources." *Ivnes*, 2013 WL 49211, at *3. However, the Court perceives no threat of multiple, inconsistent litigation because the Court's decision does not operate to sever what it finds to be valid claims. This third § 1447(e) factor also weighs against allowing Hutton's joinder.

## D. Other Equitable Factors

Courts analyzing the "other equitable factors" often consider the defendant's "'substantial interest in proceeding in a federal forum.'" *Cooper*, 2014 WL 941925, at *5 (quoting *Bridgepointe Condominiums, Inc.*, 2009 WL 7000056, at *4). "'[O]ut-of-state defendants have a right to a federal forum that finds its roots in the Constitution[.]'" *Seaway*, 2013 WL 12183414, at *1–2 (quoting *J. Lewis Cooper Co.*, 370 F. Supp. 2d at 617).

---

[8] The Amended Complaint alleges that United Access affirmatively acted to modify and/or alter the vehicle. (*See* ECF No. 10 at PageID 47.) While the Amended Complaint does not specify how United Access's installation of the driving conversion kit caused the seat heater to malfunction and injure him, it is reasonable to infer from Plaintiff's allegations that United Access's installation of the conversion kit may have contributed Plaintiff's injuries. *But cf. Jackson*, 2016 WL 270485, at *3 (finding that repair services on vehicle's transmission lacked causal connection with failure of power steering system).

In *Seaway*, the court found that the original defendant, a foreign corporation, had "a strong interest in availing itself of a federal forum." *Id.* Similarly, in *Cooper*, the defendants were North Carolina citizens facing suit brought by a Kentucky resident in Kentucky state courts. *Cooper*, 2014 WL 941925, at *5. The court found that the defendants' "interest in a neutral forum is significant," and determined that "the final factor weighs in favor of denying the motion to amend and refusing joinder." *Id.*

As discussed, KMA is a citizen of California, and KMC is a citizen of South Korea. (ECF No. 1-2 at PageID 6–7.) While the Kia Defendants' interest in litigating this case in federal court would not outweigh any of the other three, more important § 1447(e) factors, the Court considers the Kia Defendants' citizenships as a factor weighing in favor of denying the joinder of Hutton.

## **CONCLUSION**

The Court has analyzed the parties' arguments and the available evidence in the record and tried to balance the equities under § 1447(e) to determine whether to permit the joinder of Hutton, a nondiverse party. The Court determines that the § 1447(e) factors, taken together, weigh in favor of denying Plaintiff's attempt to join Hutton. As a result, Hutton and the allegations against it are DISMISSED from the Amended Complaint under 28 U.S.C. § 1447(e). Because United Access is a diverse party, Plaintiff properly joined it under Rule 15(a). Thus, the Motion to Dismiss United Access is DENIED.

**SO ORDERED**, this 25th day of April, 2018.

s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE